UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH MORROW,

    Petitioner,

    v.   CAUSE NO. 3:21-CV-558-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Joseph Morrow, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-5-205) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with the loss of one hundred eighty days earned credit time and a demotion in credit class.

Morrow argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt. He maintains that he did not engage in trafficking because he did not know that the staff member took his apple pie. He further maintains that apple pies are not unauthorized objects as required by the definition of the offense because inmates are allowed to possess them.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Morrow argues that apple pies are not unauthorized objects because inmates are allowed to possess them. The Warden responds that the term "unauthorized" also refers to the right to transfer objects to other individuals. Departmental policy defines Offense 113 as follows:

> Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.

Though the definition bears some ambiguity, federal courts should generally defer to State officials' interpretation of State law. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020).

The administrative record includes a conduct report in which a correctional officer represents that Morrow told him that he had placed an apple pie in a drawer in his supervisor's desk and that the supervisor ate it. ECF 9-1. The administrative record includes a video summary report that is consistent with the conduct report. ECF 9-5. The hearing officer also considered an internal investigations report that included an interview of the supervisor in which the supervisor represented that Morrow placed the apple pie in the desk with the intent of transferring it to his supervisor. ECF 10, ECF 14. The conduct report, the video summary report, and the internal investigation report constitute some evidence that Morrow gave the supervisor an apple pie. Nevertheless,

though the Warden represents that "the Department prohibits offenders from transferring fruit pies to staff" and that "Morrow was not authorized to transfer a fruit pie to his Barber instructor," he cites no evidence or authority in support of this representation. ECF 9 at 9. Stated otherwise, even accepting the Warden's interpretation of the offense, the administrative record simply does not establish that the apple pie was "an unauthorized physical object" as required for the disciplinary offense of trafficking. Consequently, the court grants Morrow's request for habeas relief on the basis that the administrative record lacks sufficient evidence for a finding of guilt.

In reaching this conclusion, the court has considered *Crawford v. Littlejohn*, 963 F.3d 681 (7th Cir. 2020), in which an inmate challenged the disciplinary finding that he violated Offense 220 for sending money to a family member of another inmate. The relevant disciplinary offense in that case was Offense 220, which the Indiana Department of Correction defined as "attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another." *Id.* at 682. The district court disagreed with the department's interpretation, reading the offense as prohibiting: "(1) Offender A sending money to Offender B; (2) family or friends of Offender A sending money to Offender B; or (3) family or friends of Offender A sending money to Offender B; or (3) family or friends of Offender A sending money to family or friends of Offender B." *Id.* Because the charged offender did not fall under any of these three categories, the district court found that the administrative record contained insufficient evidence to support the finding of guilt. *Id.*

3

The Seventh Circuit Court of Appeals observed that the district court decision amounted to a disagreement with "state officials' reading of state law" and reversed the district court, reasoning that errors of State law are not a basis for habeas relief in federal court. *Id.* By contrast, here, the court accepts the Warden's interpretation of the offense as prohibiting the transfer of any objects without authorization and grants habeas relief on the basis that that administrative record lacks "some evidence" that the transfer of the apple pie from Morrow to the supervisor was unauthorized. The Warden's blanket statement that the transfer wasn't authorized falls short of what is needed to constitute "some evidence."

For these reasons, the habeas corpus petition is GRANTED. The Warden is ORDERED to file documentation by March 4, 2022, showing that the guilty finding in MCF 21-5-205 has been vacated and the earned credit time and credit class has been restored.

SO ORDERED on February 1, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT